IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. RODGERS,

    Plaintiff,                    No. CIV S-09-1367 EFB P

    vs.

PLACER COUNTY SHERIFF'S DEPARTMENT,

    Defendant.                  <u>ORDER</u>

                                      /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. Plaintiff also requests counsel, discovery, and leave to amend his complaint. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

1    The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it
2 does not state a cognizable claim against the defendant.

3    Plaintiff names the Placer County Sheriff's Department as the defendant. He claims that
4 while confined in the Placer County Jail, Officer Gutierrez, Officer Byers, and a third,
5 unidentified officer, ordered plaintiff to get up and walk to a table. Apparently, Officer
6 Gutierrez did not let plaintiff use his wheelchair, and ordered another officer to remove the
7 wheelchair. Plaintiff claims that he fell the following day because he did not have his
8 wheelchair. Plaintiff alleges that the Placer County Sheriff's Department refused to get plaintiff
9 medical help after the fall, and plaintiff waited five days before getting medical attention.
10 Plaintiff also states that an officer threw him to the floor, that he has been deprived of his
11 medications, and that he was transported in a sedan with a hard plastic back seat while shackled
12 and handcuffed for two and half hours.

13    It appears that plaintiff intends to pursue various claims related to his Eighth Amendment
14 rights. However, plaintiff has not alleged sufficient factual matter to state a cognizable claim.
15 The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

19 42 U.S.C. § 1983. As noted above, plaintiff names the Placer County Sheriff's Department as
20 the defendant in this action. However, "[a] local governmental entity is liable under § 1983
21 when 'action pursuant to official municipal policy of some nature cause[s] a constitutional tort.'"
22 *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (9th Cir.1992) (quoting *Monell v. Dep't of Soc. Servs.*,
23 436 U.S. 658, 691, (1978)). In addition, a local governmental entity may be liable if it has a
24 "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Id.* at
25 1474 (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also Monell*, 436 U.S. at
26 690-91. The custom or policy of inaction, however, must be the result of a "conscious," *City of*

2

*Canton*, 489 U.S. at 389, or "'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion)). If plaintiff intends to impose liability on the Placer County Sheriff's Department, a local entity, as opposed to the individual or individuals responsible for the alleged deprivations of his constitutional rights, plaintiff must allege some facts linking the named defendant to the violation complained of (e.g., a policy or practice, etc.). As it stands, plaintiff's allegations do not support a claim against the Placer County Sheriff's Department.

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'" *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)). To state a claim against any individual defendant, the plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *Taylor*, 880 F.2d at 1045.

While plaintiff provides several officers' names within the body of his complaint, he does not identify any of them as defendants. Nor is it clear whether plaintiff intends to pursue claims

1  against any of them.  If plaintiff intends to pursue claims against specific individuals, who
2  allegedly violated his constitutional rights, the court notes that the Eighth Amendment protects
3  prisoners from inhumane methods of punishment and from inhumane conditions of confinement.
4  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required
5  to make out a conditions of confinement claim, and only those deprivations denying the minimal
6  civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth
7  Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  In order to state a claim for
8  violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim
9  that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.
10 *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th
11 Cir. 1998).

12         To state a claim defendants provided constitutionally inadequate medical care, plaintiff
13 must allege acts or omissions evidencing identified defendants knew of and disregarded
14 plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S.
15 at 835-37.  Neither defendant's negligence nor plaintiff's general disagreement with the
16 treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United
17 States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir.
18 1996).

19         Plaintiff must file an amended complaint to proceed.  Plaintiff's amended complaint,
20 should he file one, must clearly identify the individuals he intends to name as defendants.  As
21 explained above, plaintiff must also include factual allegations linking each defendant to an act
22 or omission that would indicate a deprivation of plaintiff's federal rights.

23         Any amended complaint must show that the federal court has jurisdiction and that
24 plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's
25 allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a
26 defendant only persons who personally participated in a substantial way in depriving plaintiff of

4

a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and

an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

////

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

On June 25, 2009, plaintiff filed a motion for discovery. If and when the court finds service appropriate for any defendant named in plaintiff's amended complaint, the court will, after an answer is filed, issue a discovery and scheduling order. Until then, plaintiff's motion for discovery is premature.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's May 19, 2009 motion to amend his complaint is denied as unnecessary in light of this order.

5. Plaintiff's June 9, 2009 request for appointment of counsel is denied.

6. Plaintiff's June 25, 2009 motion for discovery is denied as premature.

Dated: September 29, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8