IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. RODGERS,

        Plaintiff,                        No. CIV S-09-1367 EFB P

    vs.

PLACER COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.               <u>ORDER</u>

                                       /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 29, 2009, the court directed plaintiff to file an amended complaint. The court advised plaintiff that in an amended complaint, he must clearly identify the individuals he intends to name as defendants and include factual allegations linking each defendant to an act or omission that would indicate a deprivation of plaintiff's federal rights. On October 7, 2009, plaintiff filed an amended complaint. In his amended complaint, plaintiff does not specifically identify who he intends to name as defendants, however, it appears that plaintiff wishes to proceed against Sgt. Gutierrez and the Placer County Sheriff's Department. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (pro se pleadings must be liberally construed). Plaintiff also alleges he was denied medical care for five days, but he does

1  not identify any defendant who knew of, but disregarded his requests for medical assistance.

2  For the limited purposes of § 1915A screening, the court finds that the complaint states
3  cognizable claims against defendants Sgt. Gutierrez and the Placer County Sheriff's Department.
4  *See* 28 U.S.C. § 1915A.  However, plaintiff fails to state a claim based on the five day delay in
5  receiving medical care because he does not link this claim to an identifiable defendant.  Plaintiff
6  may proceed forthwith to serve defendants Gutierrez and the Placer County Sheriff's Department
7  and pursue his claims against only those defendants or he may delay serving any defendant and
8  attempt again to state a cognizable claim based on the five day delay in receiving medical care.

9  If plaintiff elects to attempt to amend his complaint to state additional cognizable claims,
10  he has 30 days so to do.  He is not obligated to amend his complaint.

11  If plaintiff elects to proceed forthwith against defendants Gutierrez and the Placer County
12  Sheriff's Department, against whom he has stated cognizable claims for relief, then within 20
13  days he must return materials for service of process enclosed herewith.  In this event the court
14  will construe plaintiff's election as consent to dismissal of plaintiff's claim based on the five day
15  delay in receiving medical care, without prejudice.

16  Any amended complaint must show the federal court has jurisdiction, the action is
17  brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It
18  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
19  who personally participated in a substantial way in depriving plaintiff of a federal constitutional
20  right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
21  deprivation of a constitutional right if he does an act, participates in another's act or omits to
22  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff
23  contends he was the victim of a conspiracy, he must identify the participants and allege their
24  agreement to deprive him of a specific federal constitutional right.

25  In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
26  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff

must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation

4

of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Gutierrez and the Placer County Sheriff's Department.

Accordingly, the court hereby orders that:

1. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Gutierrez and the Placer County Sheriff's Department. *See* 28 U.S.C. § 1915A. Plaintiff's claim based on the five day delay in receiving medical care is dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint, but he is not obligated to do so.

2. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed October 7, 2009, two USM-285 forms and instructions for service of process on defendants Gutierrez and the Placer County Sheriff's Department. Within 21 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed October 7, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Gutierrez and the Placer County Sheriff's Department will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claim regarding the five day delay in medical care, without prejudice.

3. Failure to comply with this order may result in this action being dismissed.

Dated: January 5, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. RODGERS,

      Plaintiff,                        No. CIV S-09-1367 EFB P

      vs.

PLACER COUNTY SHERIFF'S DEPARTMENT, et al.,

      Defendants.                NOTICE OF SUBMISSION OF DOCUMENTS

                        /

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

          1        completed summons form

          2        completed forms USM-285

          3        copies of the October 7, 2009 Amended Complaint

Dated:

                                                  Plaintiff