IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES T. RODGERS,

        Plaintiff,                             No. CIV S-09-1367 EFB P

        vs.

PLACER COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.                     <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

1    A district court must construe a pro se pleading "liberally" to determine if it states a
2 claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
3 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  To state a
4 claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right
5 secured by the Constitution or laws of the United States was violated, and (2) that the alleged
6 violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487
7 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts
8 establish the defendant's personal involvement in the constitutional deprivation or a causal
9 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
10 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
11 (9th Cir. 1978).  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.
12 *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

13    Plaintiff purports to state Eighth Amendment claims of deliberate indifference to his
14 serious medical needs.  However, plaintiff does not identify who he intends to name as
15 defendants in this action.  Plaintiff provides names of individuals and entities in the body of his
16 complaint, but it is not clear who plaintiff intends to sue.  The court will not guess as to who
17 plaintiff intends to proceed against.  Therefore, plaintiff must file an amended complaint that
18 specifically identifies the defendants in this action, i.e., the persons or entities that plaintiff is
19 suing.

20    Plaintiff alleges Gutierrez took his medically-prescribed wheelchair.  Plaintiff does not
21 allege why Gutierrez took the wheelchair, why he needed a wheelchair or whether Gutierrez was
22 aware that plaintiff faced a risk of substantial harm without the wheelchair.  In the absence of
23 such allegations, plaintiff fails to allege that Gutierrez acted with deliberate indifference to his
24 serious medical needs.  Plaintiff also alleges that he fell after Gutierrez took his wheelchair.
25 Plaintiff claims to have sustained injuries.  Plaintiff alleges that Padilla informed plaintiff that he
26 had notified medical staff, but that medical staff never showed up.  Whether these allegations are

intended to provide the basis for a claim against Padilla, "medical staff" or both, is unclear. Regardless, the allegations are insufficient to show that either Padilla or medical staff were aware of a substantial risk of serious harm to plaintiff and failed to take reasonable measures to abate it.

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir. 1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d

330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Under the above standards, the allegations are insufficient to state a claim of deliberate indifference to plaintiff's serious medical needs. Plaintiff is hereby reminded that differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation, and that he must allege facts showing that a defendant was aware of a substantial risk of harm to plaintiff, but disregarded that risk by failing to take reasonable measures to abate it. Plaintiff has not done so in his amended complaint as there are simply no facts to suggest that anyone acted with deliberate indifference. Plaintiff will be given one final opportunity to amend his complaint.

Plaintiff is hereby reminded that any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a). Plaintiff must indicate who he names as a defendant, that is, plaintiff must state who it is that he is suing. However, plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

1  *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).

2       Accordingly, the court hereby orders that the amended complaint is dismissed with leave
3  to amend within 30 days.  The amended complaint must bear the docket number assigned to this
4  case and be titled "Fourth Amended Complaint."  Failure to comply with this order will result in
5  this action being dismissed for failure to state a claim. If plaintiff files an amended complaint
6  stating a cognizable claim the court will proceed with service of process by the United States
7  Marshal.

8  Dated: September 19, 2011.

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE